ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant-appellant John Kavlich ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas which denied his motion to withdraw his guilty pleas. Appellant claims that his pleas were not knowingly and voluntarily entered and that his counsel was ineffective for failing to ensure that his pleas were knowingly and voluntarily entered. For the reasons stated below, we find no reversible error in the trial court's denial of appellant's motion and affirm.
The record demonstrates that as the result of a three count indictment entered on March 18, 1996, appellant was charged in Case No. 336122 with: Drug Abuse (R.C. 2925.11) further asserting prior drug convictions; Receiving Stolen Property (R.C. 2913.51); and Possession of Criminal Tools (R.C. 2923.24) with each charge in the indictment containing a violence specification. A second indictment, entered May 3, 1996, Case No. 338144 charged appellant with: Drug Abuse (R.C. 2925.11) and Aggravated Trafficking (R.C.2925.03) with each charge asserting a prior drug conviction and a violence specification.
At his arraignment, appellant was found to be indigent, counsel was appointed to represent him and he entered a plea of not guilty to each offense as charged. At hearing held on August 1, 1996, pursuant to an agreed plea arrangement, appellant withdrew his previously entered pleas of not guilty to the charges in both indictments. Then, in Case No. 336122, appellant entered pleas of guilty in count one to Drug Abuse as charged in the indictment with its violence specification and, in amended count two, to Attempted Receiving Stolen Property (R.C. 2923.02/2913.51); whereupon, the state entered nolle prosequi in count three. In Case No. 338144 appellant entered a plea of guilty to Aggravated Drug Trafficking with the violence specification as charged in the indictment and the state entered nolle prosequi in count two. The court accepted appellant's pleas and set his sentencing for August 12, 1996. When appellant failed to appear for his sentencing on August 12, a capias was issued for him.
On February 7, 1997, appellant was sentenced. In Case No. 336122, appellant was sentenced on count one to a term of imprisonment for four to ten years at Lorain Correctional Institution and, on amended count two, a misdemeanor, to a jail term of six months. In Case No. 338144, the court imposed a prison term of five to fifteen years at Lorain Correctional Institution to be served consecutively with the prison term imposed in Case No. 336122.
Appellant did not file a direct appeal of his convictions or sentence.
On May 7, 1997, appellant filed a motion requesting Shock Probation which was denied by the court on May 14, 1997. On October 23, 1997, appellant filed a motion for delayed post-conviction relief; a petition to vacate or set aside sentence; a motion for expert assistance; a motion for court records without cost; an affidavit of indigency; a motion for appointment of counsel; and a motion to withdraw the guilty plea entered August 1, 1996 and to vacate the imposed sentence. On November 21, the state filed a motion to dismiss appellant's petition for post-conviction relief.
On May 22, 1998, appellant filed a motion for jail credit, a motion for relief from judgment and a motion requesting findings of fact and conclusions of law. On August 20, 1998, the court denied appellant's motion to vacate or set aside sentence, denied his requests for counsel or an investigator, finding appellant had no constitutional rights to such services and granting the state's motion to dismiss his petition for post-conviction relief entering its findings of fact and conclusions of law.
On May 12, 1999, appellant re-filed his motion to withdraw his guilty plea and suspend further execution of his sentence and filed his affidavit of indigency. On July 16, 1999, appellant petitioned the trial court to rule on his three outstanding motions for jail time credit, his motion to withdraw his guilty plea and requested the court to issue findings of fact and conclusions of law. On October 4, the court granted appellant's request for jail time credit.
On October 6, 1999, the trial court denied appellant's motion to withdraw his guilty plea and suspend further execution of sentence. Appellant, pro se, timely filed his notice of appeal of the trial court's denial of his motion to withdraw his guilty pleas. On January 28, 2000, this court appointed counsel for appellant in this appeal. Appellant advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN DENYING APPELLANT, JOHN KAVLICH'S MOTION TO WITHDRAW HIS GUILTY PLEAS AND SUSPEND FURTHER EXECUTION OF SENTENCE.
 II. APPELLANT, JOHN KAVLICH, WAS DEPRIVED OF IS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO ENSURE THAT APPELLANT ENTERED A KNOWINGLY, INTELLIGENT AND VOLUNTARY GUILTY PLEA.
In his first assignment of error, appellant complains that the trial court abused its discretion when it denied his motion to withdraw his guilty plea without a hearing and claims that the record demonstrates that at the time he entered his plea of guilty he did not understand the nature of the Aggravated Trafficking charge against him and the maximum penalties involved. Thus, appellant argues that the trial court created a "manifest injustice" by accepting his plea. The state, on the other hand, contends that the record contradicts appellant's allegations and demonstrates that the trial court substantially complied with Crim.R. 11 in accepting appellant's plea. Thus, the state claims, where appellant has not met his burden of establishing the existence of a manifest miscarriage of justice, then, the trial court did not abuse its discretion in its denial of his motion to withdraw his guilty pleas.
Withdrawal of a guilty plea is governed by Crim.R. 32.1, which provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Smith (1977), 49 Ohio St.2d 261, at paragraphs one and two of the syllabus, the Ohio Supreme Court held:
 1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)
 2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
The court in State v. Peterseim (1980), 68 Ohio App.2d 211, recognized that post-sentence revocations are governed by Crim.R. 32.1 and may only be granted to avoid a miscarriage of justice. See, also, State v. Smith, supra, paragraph two of the syllabus. The burden of establishing manifest injustice is on the movant. Smith, supra, paragraph one of the syllabus. The movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion. See Smith, supra. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66. Therefore, in order to reverse the trial court's decision to deny appellant's motion to withdraw his plea, we must conclude that the trial court abused its discretion. Caraballo, supra. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Appellant argued in his motion that the court erred by failing to inform him of the elements of the crime charged. Upon review of the entire record before us we find this argument is meritless. It is not necessary that the judge explain the elements of each of the offenses, or even ask the defendant specifically whether he understands the charges. State v. Rainey (1982), 3 Ohio App.3d 441; State v. Swift (1993), 86 Ohio App.3d 407; State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904, unreported. Such an inquiry is necessary only if the totality of the circumstances shows that defendant does not understand the charge. Rainey, supra at 442.
The record demonstrates that in entering his plea, appellant admitted to his prior 1994 conviction of the crime of Attempted Drug Trafficking in violation of R.C. 2923.02/2925.03 in Criminal Case No. 307760. Then, in this case, the court read the elements of the Aggravated Trafficking charge in which the state claimed appellant:
 "* * * prepared for shipment or distribution some cocaine, knowing it probably was going to be sold to another, while having a prior attempted drug trafficking conviction and also the CCW conviction in 1982? That's the violence spec. Are you guilty of that?"
The record demonstrates that during his colloquy with the court, although appellant denied that he prepared the cocaine for "distribution" or he possessed cocaine for "sale" or for "resale", when questioned by the court whether he was pleading guilty to the indictment, he responded affirmatively stating he "understand[s] that". Next, the court questioned appellant asking "[a]re you guilty of that as indicted?" Appellant responded "yes, your Honor". Finally, the court asked appellant whether the plea was made voluntarily of his own free will, to which appellant responded "yes, your Honor".
Thus, the record demonstrates that appellant had a previous conviction for a crime with similar elements in 1994, the court carefully described the elements of the indicted charge to appellant, appellant stated that he understood that he was pleading guilty to the charge indicted, and appellant affirmatively entered his plea of guilty to the charge indicted. Therefore, we find that the totality of the circumstances are such that the trial court was justified in concluding that appellant understood the charge to which he was pleading.
Moreover, failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. State v. Ballard (1981), 66 Ohio St.2d 473. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App.R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) would not create an extraordinary circumstance demonstrating a form of "manifest injustice" required for Crim.R. 32.1 relief.
Finally, we note that the delay in asserting these claims also militates against any relief. Although Crim.R. 32.1 itself does not provide for a time limit after imposition of sentence for a motion to withdraw a plea of guilty, an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. State v. Smith, supra; see, also, State v. Mootispaw, (Mar. 26, 1998), Lawrence App. No 97CA26, unreported (two-year delay adversely affected credibility of movant). Although appellant entered his plea in August 1996, was sentenced in February 1997, and he knew that he was ineligible for shock probation on or about May 14, 1997, he failed to file a motion to withdraw his plea until October 23, 1997, fifteen months after his plea was entered.
We are guided by the factors as set forth in State v. Fish (1995), 104 Ohio App.3d 236, which the trial court should consider upon a motion to set aside a plea made before sentence is imposed: (1) prejudice to the prosecution; (2) whether the accused is represented by highly competent counsel; (3) whether a full Crim.R. 11 hearing took place; (4) whether a full hearing on the motion took place; (5) whether the court gave full and fair consideration to the motion; (6) whether the motion was made in a reasonable time; (7) whether the motion states specific reasons for withdrawal; (8) whether the accused understood the nature of the charges and the possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense. Id. at 240; see, also, State v. Curtis (Apr. 11, 1985), Cuyahoga App. No. 48635, unreported.
In this case, we find that appellant entered his pleas of guilty pursuant to an agreed plea arrangement; he was represented by two highly competent counsel throughout the proceedings; a full Crim.R. 11 hearing took place, appellant's motion was made fifteen months after the acceptance of his plea and after sentence was imposed; and although the motion alleges that appellant did not understand the nature of the trafficking charge against him, the record belies this allegation; finally, there is no indication that perhaps appellant is not guilty or had a complete defense to the crime.
Appellant has failed to establish that his conviction and sentence has resulted in manifest injustice as required by Crim.R. 32.1. Accordingly, we find appellant's first assignment of error to be without merit.
In his second assignment of error, appellant complains that he was denied effective assistance of counsel at his plea hearing when counsel failed to ensure that he entered his plea knowingly, intelligently and voluntarily. The state counters that appellant's claim of ineffective assistance of counsel has been rendered res judicata having been raised and determined by the trial court in its decision on the prior petition for post-conviction relief.
The within appeal challenges the order journalized October 6, 1999, which denied appellant's motion to withdraw his plea. However, in his second assignment of error, appellant now argues that his counsel was ineffective at his plea hearing which took place August 1, 1997.
The record demonstrates that appellant failed to appeal the his convictions and sentences, which resulted from the entry of his guilty pleas at the August 1, 1997 hearing. This claim of ineffective assistance of counsel could have been raised on direct appeal and, thus, is barred by the doctrine of res judicata. See State v. Jackson (May 2, 1996), Cuyahoga App. No. 69501, unreported.
Further, this appeal taken November 6, 1999, from conviction and sentence imposed August 12, 1996 and February 7, 1997, respectively, cannot be considered as timely filed. See App.R. 4(A). The utilization of an appeal of a subsequent order (here, the denial of the motion to withdraw a guilty plea) to indirectly and untimely appeal prior judgments (here, appellant's convictions and sentences) which were never directly appealed is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of the order. See State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590, unreported; State v. Terrell (Jan. 13, 2000), Cuyahoga App. No. 76637, unreported. Accordingly, we find appellant's second assignment of error to be without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
PATTON, J. and ROCCO, J., CONCUR.