THE STATE OF OHIO, APPELLEE, *v.*
RAINEY, APPELLANT.

(No. 81AP-656—Decided March 25, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joyce S. Anderson,* for appellee.

*Mr. James Kura,* county public defender, and *Mr. W. Curtis Stitt,* for appellant.

NORRIS, J. This matter is before us pursuant to our having granted defendant leave to file a delayed appeal pursuant to App. R. 5(A).

On January 14, 1981, following a hearing on defendant's motion to suppress certain evidence which resulted in the motion being overruled, defendant, who had been charged with murder, entered a plea of guilty to voluntary manslaughter, in culmination of plea negotiations between his counsel and the prosecuting attorney.

Defendant claims this error occurred in the proceedings before the trial court on January 14:

"The trial court erred in accepting appellant's no contest plea without determining that he understood the nature of the charge to which he plead in violation of Criminal Rule 11(C) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

Defendant's appeal is based upon his contention that the trial court violated the provisions of Crim. R. 11:

"(C)  Pleas of guilty and no contest in felony cases.

"* * *

"(2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a)  Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation."

The transcript of the proceeding at which the plea was entered confirms that the trial judge did not advise the defendant of the elements of voluntary manslaughter; nor did the judge specifically ask the defendant whether he understood the charge. He did advise defendant of the maximum penalty involved and that defendant was not eligible for probation, and elicited from defendant an affirmative response when he asked defendant if his plea was voluntary.

In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court. See unreported decisions of this court in *State* v. *Moore* (Feb. 5, 1981), No. 80AP-643, and *State* v. *Kimble* (Aug. 23, 1979), No. 79AP-71. Where the charge to which a defendant pleads guilty is a lesser included offense of the crime with which he was originally charged, so that the elements of the two crimes are similar,[1] it is not difficult to find circumstances from which the defendant could have drawn his understanding.

There is evidence in the record to support a conclusion that defendant understood the nature of the charge. Defendant's contention that he did not understand the charge is not impressive in view of his presence in the courtroom while the court was advised that the charge was being reduced from murder to the "lesser included * * * offense of voluntary manslaughter"; his having signed the detailed guilty plea form; the prosecutor having described the offense as having been committed with a firearm; his acknowledgement that his attorney had reviewed the law with him; his attorney's statement that he had read the Revised Code to him; the fact that he had conferred with his attorney for the one and three-quarter hours intervening between the overruling of his motion to suppress and the entry of his guilty plea; and his presence while the prosecuting attorney recited the facts giving rise to defendant's indictment for murder.

The assignment of error raised by defendant is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.

---

[1] The elements of murder consist of purposely causing the death of another, while voluntary manslaughter consists of knowingly causing the death of another while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite the actor into using deadly force.