JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Anthony Jenkins was charged with one count of rape of a person under the age of thirteen in violation of R.C. 2907.02(A)(1)(b). Jenkins pleaded guilty and was sentenced to seven years' incarceration. Jenkins now appeals his conviction, raising two assignments of error. Because we find neither assignment of error to be well taken, we affirm the judgment of the trial court.
Jenkins first asserts that his guilty plea was not entered voluntarily. The record demonstrates, and counsel for Jenkins conceded during oral argument, that the trial court complied with Crim. R. 11 when it accepted Jenkins's plea of guilty. Jenkins's assertion that the trial court was obligated to inquire further into whether Jenkins fully understood the proceedings is not supported by the record or in law. Jenkins was found competent to stand trial.[1] The trial court was entitled to rely upon that finding when making its determination that Jenkins understood his plea and its consequences. Furthermore, a trial court may make a determination that a defendant understands the charge to which he pleads based on the totality of the circumstances.[2] Based on the circumstances of this case as demonstrated in the record, we hold that the trial court's conclusion that Jenkins understood the charge to which he had pleaded guilty was warranted. Jenkins's first assignment of error is overruled.
In his second assignment of error, Jenkins argues that he was provided ineffective assistance of counsel because his attorney failed to pursue a defense. This is not demonstrated in the record. What is reflected in the record, as stated above, is full compliance with Crim. R. 11 by the trial court at the time it accepted Jenkins's guilty plea. Jenkins second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
[1] R.C. 2945.37.
[2] State v. Rainey (1982), 3 Ohio App.3d 441,446 N.E.2d 188.