OPINION
Wade H. Jackson was indicted on April 27, 1999 in the Common Pleas Court of Miami County for one count of burglary, one count of grand theft of a motor vehicle, one count of failure to comply with the order or signal of an officer, and one count of felonious assault. On July 14, 1999, Jackson pled no contest to the failure to comply charge and a reduced charge of "attempted felonious assault." The remaining counts were dismissed by the State. Jackson was convicted on his pleas and sentenced to one year of imprisonment on the failure to comply charge, and six years of imprisonment on the attempted felonious assault charge. The trial court ordered the terms to be served concurrently.
Jackson now timely appeals his conviction, asserting two assignments of error.[1]
 I. The trial court erred by accepting Appellant's guilty plea without first determining that Appellant understood the nature of the charges to which he was pleading no contest, violating Appellant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Ohio Criminal Rule 11(C)[.]
In his first assignment of error, Jackson argues that he was uninformed of the nature of the charges against him prior to entering his no contest pleas. For the following reasons, we disagree.
Crim.R. 11(C)(2) states:
 In felony cases the court may refuse to accept the plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved * * *.
Crim.R. 11 requires a minimum of substantial compliance. State v.Nero (1991), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. In State v. Rainey (1982), 3 Ohio App.3d 441,442, the Franklin County Court of Appeals stated:
 In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court.
Since Rainey, courts have held that a trial court could determine that a defendant understood the nature of the charges to which he pled guilty where trial counsel informed the court that he and the defendant had discussed the nature of the charges. State v. Tatum
(Sept. 1, 1987), Franklin App. No. 87AP-331, unreported. See, also, State v. Cookson (June 1, 1993), Montgomery App. No. 13368, unreported. Other courts have found compliance with Crim.R. 11(C)(2)(a) by the trial court specifically asking the defendant if he had understood the charges and if he had had any other questions of the trial court or counsel about his case. Cookson,supra, citing State v. Tate (Sept. 3, 1987), Cuyahoga App. Nos. 52730-52732, unreported.
The totality of the circumstances in this case indicate that Jackson understood the nature of the charges against him, despite the trial court's failure to explain all of their elements. The indictment specifically stated the elements of each charge: the failure to comply charge stated that Jackson had operated a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop, and that such operation by Jackson had caused a substantial risk of serious physical harm to persons or property; and the felonious assault charge indicated that Jackson had knowingly caused or attempted to cause serious physical harm to another, or another's unborn, by means of a deadly weapon or dangerous ordnance, to wit: a motor vehicle. Furthermore, Jackson was represented by counsel during the entire proceedings, including the arraignment and the plea hearing, thus the trial court could have presumed that defense counsel had explained to Jackson the nature of the offenses. See State v.Ferrell (Oct. 23, 1998), Clark App. No. 97-CA-114, unreported. Jackson also signed the written plea agreement containing the language "I understand the nature of these charges and the possible defenses I might have," and he indicated his understanding to the trial court at the hearing. See Cookson,supra ("Signing such a form is a pertinent factor to be considered in the totality of the circumstances.")
Additionally, within the plea hearing, there is evidence that Jackson understood the nature of the charges. Jackson responded negatively when the trial court asked if any promises or threats had induced him to make his plea. Jackson responded affirmatively when the trial court inquired whether his attorney had answered all of his questions. Jackson stated that he was satisfied with his attorney's advice, counsel and competence. Moreover, the trial court asked Jackson if his attorney had explained the meaning of the failure to comply charge and the attempted felonious charge to him, to which he answered affirmatively. Thereafter, the trial court discussed the "attempt" portion of the felonious assault charge. The trial court then advised Jackson of the potential penalties he could receive for each charge, and conducted the following dialogue:
 THE COURT: Okay. Now have you read and signed both pages of the plea form?
MR. JACKSON: Yes, sir.
 THE COURT: Have you discussed the contents of the form with your attorney?
MR. JACKSON: Yes, sir.
 THE COURT: And from your discussion with your attorney and the reading of the form, do you understand all the information contained in the form?
MR. JACKSON: Yes, sir.
 THE COURT: Okay. Now do you understand everything that I've told you so far today?
MR. JACKSON: Yes, sir.
 THE COURT: Do you have any questions about anything you've read or anything that I've told you?
MR. JACKSON: No, sir.
(Tr. 12)
Finally, the trial court informed Jackson of the constitutional rights that he was waiving by pleading no contest. The trial court asked if Jackson had understood those rights and if he had wished to waive them. He indicated that he understood his rights, and that he wanted to waive his rights and enter pleas of no contest to the charges. The prosecutor then recited the facts supporting a conviction of the two offenses into the record.
In light of the preceding analysis, we find that the trial court could have determined that Jackson understood the nature of the failure to comply charge and the attempted felonious assault charge, and therefore we find that the trial court did not err in not specifically informing him of the elements of the two offenses.
As a final note, Jackson relies on our decision in State v.Blair (June 19, 1998), Clark App. No. 97-CA-67, unreported, to support his contentions. In Blair, we determined that the trial court had erred in accepting Blair's plea, because there was no evidence in the record that Blair had been advised by anyone of the nature of the charge of attempted rape. That is not the case here. Evidence exists that Jackson was advised by his attorney as to the nature of the offenses against him. Furthermore, as we stated above, Jackson signed the plea agreement, and was present in court when the prosecutor read a statement of the facts into the record. Thus, evidence does exist that Jackson was advised of the nature of the charges against him.
As such, Jackson's first assignment of error is overruled.
 II. Appellant was denied effective assistance of counsel.
Jackson argues that his trial counsel was ineffective for failing to ascertain that he understood the nature of the charges before him. In light of our discussion in the first assignment of error, we find no error on behalf of Jackson's trial counsel.
Jackson's second assignment of error is overruled.
Judgment affirmed.
BROGAN, J. and WOLFF, J., concur.
[1] Although represented by counsel during this appeal, Jackson has submitted a pro se reply brief. We will not consider this brief, as it is our policy to not consider pro se briefs by defendants who are represented by counsel. State v. Cole (May 23, 1997), Greene App. No. 96 CA 71, unreported.