OPINION
Defendant-appellant, Lavelle J. Duff, appeals the decision of the Franklin County Court of Common Pleas accepting his guilty pleas. On April 21, 1998, the Franklin County Grand Jury indicted appellant on one count of receiving stolen property in case No. 98CR-04-1979. On July 22, 1998, in case No. 98CR-07-4120, the Franklin County Grand Jury indicted appellant on two counts of aggravated murder with death penalty specifications, and one count of aggravated robbery. The aggravated murder and aggravated robbery counts contained additional firearm specifications.
On February 26, 1999, appellant appeared before the trial court and entered a guilty plea to receiving stolen property in case No. 98CR-04-1979, and to a single count of aggravated murder with a firearm specification in case No. 98CR-07-4120. The trial court accepted the pleas and sentenced appellant to twelve months imprisonment on the receiving stolen property charge. As to the aggravated murder charge, the trial court sentenced appellant to serve twenty years to life in prison. The trial court ordered the sentence on the aggravated murder charge be served concurrently with the sentence on the receiving stolen property charge. Additionally, the trial court sentenced appellant to three years imprisonment on the firearm specification, which was ordered to be served prior and consecutive to the above sentences imposed on the receiving stolen property and aggravated murder charges.
On April 27, 2000, appellant filed a motion for leave to file a delayed appeal. We granted the motion and appointed counsel to represent him. In his appeal, appellant asserts the following assignment of error:
 The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the state and federal Constitutions.
We have repeatedly stated that Crim.R. 11(C) specifies procedural requirements consistent with constitutional provisions afforded a defendant. State v. Jordan (Mar. 2, 1999), Franklin App. No. 97APA11-1517, unreported. Thus, our analysis applies to requirements under Crim.R. 11 and due process guarantees under the Ohio and United States Constitutions.
Crim.R. 11(C)(2) provides:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.
 (b) Informing the defendant and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Here, appellant contends that the trial court did not fully inquire into his understanding of the offenses and potential penalties subject to the guilty pleas, the effect of the pleas and the waiver of certain constitutional rights as required by Crim.R. 11(C)(2).
In making his argument, appellant does not contend that the trial court failed to address any particular point required by Crim.R. 11(C)(2); rather, appellant argues that the trial court failed to engage him in a "meaningful dialogue" before accepting his guilty pleas. We disagree with appellant's contentions.
First, appellant contends that the trial court provided only a superficial explanation of the effect of his plea and the penalty involved on the aggravated murder charge. In particular, appellant claims that the trial court needed to explain that the plea agreement on the aggravated murder charge would require him to spend a minimum of twenty-three years in prison and that he would be ineligible for early release or a reduction or diminution of the sentence. However, the trial court explained to appellant that the aggravated murder charge "carries with it" a sentence of life imprisonment with parole eligibility "after serving twenty years imprisonment." The trial court also explained that, because the charge contained a firearm specification, appellant faced three years imprisonment that would be served "prior to and consecutively with" the sentence imposed on aggravated murder. These statements by the trial court provided appellant with notice of prison time he faced on the aggravated murder charge with the firearm specification. Thus, the trial court adequately explained the effect of appellant's guilty plea and the penalty involved on the aggravated murder charge.
Appellant also contends that the trial court failed to adequately determine that he understood the nature of the charges subject to the pleas. Appellant asserts that the trial court needed to discuss conduct that must be proved in the charged offenses and the statutory defenses available. However, in Jordan, we declined to vacate a guilty plea attacked under similar reasons. In Jordan, we recognized that "`it is not always necessary that the trial court advise the defendant of the elements of the crime or specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge.'" Id., quoting State v. Rainey (1982),3 Ohio App.3d 441, paragraph one of the syllabus. Thus, we concluded that, even though the trial court did not discuss each element or statutory defense associated with the charged offense, the record nonetheless established the defendant's understanding of the charge to which he was pleading.
Many of the factors supporting our holding in Jordan are present in this case. Here, as in Jordan, the indictment contained the charges subject to the guilty pleas and the signed entry of guilty plea forms identified the charges at issue and stated that the facts and law of the cases were reviewed with trial counsel. Additionally, appellant in this case, like the defendant in Jordan, told the trial court that trial counsel explained the information on the plea forms and also proclaimed to understand the forms. Furthermore, when asked by the trial court, both appellant and the defendant in Jordan professed to understanding the nature of the charges subject to the guilty pleas. Accordingly, we conclude that the record establishes appellant's understanding of the nature of the charges subject to his guilty pleas. Cf., State v. Ellis
(June 20, 1996), Franklin App. No. 95APA10-1399, unreported (finding compliance with Crim.R. 11[C] under similar circumstances); State v.Simmons (Aug. 4, 1998), Franklin App. No. 97APA10-1310, unreported (same).
Lastly, appellant contends that the trial court conducted the plea hearing in a manner that precluded its ability to determine whether appellant knowingly, voluntarily and intelligently entered the guilty pleas. According to appellant, he answered the trial court's questions without indicating any depth of understanding of the information being relayed, pursuant to Crim.R. 11(C)(2). As well, appellant claims that his response to the trial court was limited to a single word reaction to a list of rights and descriptions of the charges and penalties that were neither separated nor discussed in any detail.
However, we have previously recognized that the trial court is not required to stop and seek a defendant's understanding of each separate item being relayed pursuant to Crim.R. 11(C)(2). Jordan, citing State v.Ballard (1981), 66 Ohio St.2d 473, 480. Rather, because the underlying purpose of Crim.R. 11(C) is to ensure that the defendant is adequately informed before entering his plea, the focus upon review is whether the trial court "explained or referred to the right in a manner reasonably intelligible to that defendant. To hold otherwise would be to elevate formalistic litany of constitutional rights over the substance of the dialogue between the trial court and the accused." Ballard, at 480;Jordan.
In this case, we find that the trial court explained all information required by Crim.R. 11(C)(2) in a manner reasonably intelligible to appellant. Moreover, we conclude that the trial court held the plea hearing in a manner allowing it to adequately determine appellant's understanding such information. At the plea hearing, the trial court determined that appellant was twenty-four years old and fluent in English. Appellant indicated that he was not under the influence of any alcohol, drugs or medication and that he understood what was taking place at the plea hearing. Because appellant was pleading guilty to two different offenses, the trial court specifically relayed the Crim.R. 11(C)(2) information twice. As well, the trial court twice asked appellant if he had any questions for the court or for either of his two attorneys, both of whom were present at the plea hearing. Appellant replied that he had no questions.
Moreover, as noted above, appellant told the trial court that his counsel explained the guilty plea forms to him and that he read the forms himself and understood them. Appellant further affirmed that he signed the plea forms on his own free will and was not acting under influence of force, threat, or promise when he signed them. We further recognize that, when asked whether he understood the information being relayed, pursuant to Crim.R. 11(C)(2), appellant unequivocally provided affirmative responses.
Therefore, we conclude that the trial court conducted the plea hearing in a manner that allowed it to properly determine that appellant voluntarily, knowingly and intelligently entered the guilty pleas.
Accordingly, we conclude that the trial court did not violate Crim.R. 11 or pertinent due process guarantees under the Ohio and United States Constitutions when it accepted appellant's guilty pleas. As such, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
 ___________________ KENNEDY, J.
BOWMAN, P.J., and LAZARUS. J., concur.