JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated calendar is to allow the appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Defendant-appellant Henry D. Coleman appeals from his conviction after a plea of guilty to possession of crack cocaine in an amount greater than twenty-five grams but not exceeding one hundred grams.
Appellant contends in his assignment of error the trial court erred in accepting his plea, asserting his plea was not knowingly, voluntarily or intelligently made. Appellant's assignment of error is overruled.
The standard for the trial court's responsibility to inform a defendant of the nature of the charge and its penalty is substantial compliance with the requirements of Crim.R. 11(C). State v. Nero (1990),56 Ohio St.3d 106; State v. Stewart (1977), 51 Ohio St.2d 86 . In this case, the record reflects both that the trial court clearly met this standard and that, under the totality of the circumstances, the trial court was warranted in determining appellant understood the nature of the offense. State v. Rainey (1982), 3 Ohio App.3d 441; State v. Trapp (July 10, 1997), Cuyahoga App. No. 71469, unreported, appeal dismissed (1997),80 Ohio St.3d 1424 . Furthermore, since appellant made his plea in order to obtain a dismissal of two other very serious charges against him, viz., two counts of possession of crack cocaine in an amount exceeding one hundred grams with major drug offender specifications, he cannot demonstrate a prejudicial effect. State v. Nero, supra.
Appellant's conviction, therefore, is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and COLLEEN C. COONEY, J. CONCUR.
 ________________________________ KENNETH A. ROCCO, PRESIDING JUDGE