JOURNAL ENTRY AND OPINION
Carl Turner appeals from a judgment of the common pleas court sentencing him to an aggregate prison term of 10 years for aggravated burglary, aggravated robbery, and kidnaping, following the court's acceptance of his guilty pleas to these charges. On appeal, he complains the court abused its discretion in accepting his guilty plea because it did not determine his understanding of the nature of his offenses or explain the maximum penalty for those charges. Our review of the record and the applicable law indicates that the court substantially complied with the requirements of Crim.R. 11(C)(2)(a) in its acceptance of his pleas, and therefore, we affirm.
The record reflects that a grand jury indicted Turner for two counts of aggravated burglary, two counts of felonious assault, two counts of kidnaping, and two counts of aggravated robbery.
Thereafter, Turner filed a motion for a psychological evaluation as to his sanity at the time of these offenses and his competency to stand trial. The court granted the motion and referred him to the court's psychiatric clinic. When the doctor there was unable to provide an adequate evaluation, the court referred him for an in-patient evaluation at the Northcoast Behavioral Healthcare System, where the doctor subsequently determined that Turner was sane at the time of the offense and also competent to stand trial.
At a hearing held on June 20, 2001, Turner entered a guilty plea to one count each of aggravated burglary, aggravated robbery, and kidnaping, and also agreed to testify against a co-defendant; the state nolled the remaining counts.
On August 27, 2001, the court sentenced him to consecutive terms of five years each for aggravated burglary and aggravated robbery, and a concurrent term of three years for the kidnaping.
Turner now appeals, challenging his guilty plea. His sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY ACCEPTING THE APPELLANT'S GUILTY PLEA.
Turner contends that he did not enter a knowing and intelligent plea because the court failed to inform him of the maximum sentence possible for his offenses and also failed to fully explain the nature of those offenses. The state maintains the court substantially complied with Crim. R. 11(C) when it accepted his pleas. The issue for our review then concerns whether the court properly accepted Turner's guilty pleas.
We begin by noting that Turner does not question the court's conduct concerning waiver of his constitutional rights. Rather, he only complains about the court's failure to comply with Crim.R. 11(C)(2)(a) regarding advice about the maximum sentence and the nature of the charges. The rule states, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.
In State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474, the court considered a defendant's complaint of the court's failure to inform him of his ineligibility for probation in accordance with R.11(C)(2). The court stated in that case:
 * * * Literal compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. [citing State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163]
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim. R. 52(A). The test is whether the plea would have otherwise been made. Id.
 Applying the Stewart rule to the facts in this case we find that there was substantial compliance with Crim.R. 11(C)(2)(a). As in Stewart, the record below supports the conclusion that Nero knew he was not eligible for probation. If so, he was not prejudiced by the trial court's failure to literally adhere to Crim.R. 11.
In this case, the transcript of the plea taken by Judge Richard J. McMonagle for Judge Jones reflects the following:
 MR. PETERSON: Your honor, on behalf of the defendant, Carl Turner, I have spent a lot of time explaining this to him. This is his mother here. Carl has a mental condition and has somewhat of a low IQ, although he understands everything going on here this morning. I have taken my time and explained to him all of his constitutional rights and he understands those rights, right Carl?
THE DEFENDANT: Yes.
 MR. PETERSON: And his mother is here with me. He understands those rights. The defendant understands that if he pleads to the two first degree felonies, that is, aggravated robbery and aggravated burglary, that he is facing anywhere from 3 to 10 years in the Ohio State Penitentiary and a possible $20,000 fine. He knows that.
 He knows that the kidnaping charge was reduced to a second degree felony which carries anywhere from 2 to 8 years and a possible $15,000 fine.
* * *
 THE COURT: Mr. Turner, you understand you are giving up some of your constitutional rights by pleading guilty here today?
THE DEFENDANT: Yes.
* * *
 THE COURT: You've heard everything your attorney and the prosecutor have said. Do you understand what we're doing here today?
THE DEFENDANT: Yes, Your Honor.
* * *
 THE COURT: * * * [T]here's a whole bunch of counts in the indictment * * *. The second count is aggravated burglary and the eighth count is aggravated robbery.
These are both felonies of the first degree.
* * *
 THE COURT: * * * So should Judge Jones decide to send you to prison, * * *, she can give you anywhere between 3 and 10 years, 3, 4, 5, 6, 7, 8, 9, or 10. You understand that?
THE DEFENDANT: Yes.
* * *
 THE COURT: [In regards to kidnaping], this is a felony of the second degree * * *, and [the court] could give you anywhere between 2 and 8 years * * *. You understand that?
THE DEFENDANT: Yes, Your Honor.
* * *
 THE COURT: Is there anything about this case or these proceedings that you don't understand and you want me to explain to you more fully?
THE DEFENDANT: No, Your Honor.
* * *
 THE COURT: — that on or about October 31st, Halloween night, last year, that apparently you broke into the house with some others that was occupied by Dorothy Shaheen, that was the woman there, and apparently committed some sort of offense. Somebody beat her up, as a matter of fact. Remember that?
THE DEFENDANT: Yeah.
 THE COURT: How do you plead to that, guilty or not guilty?
THE DEFENDANT: Guilty.
 THE COURT: * * * And then also the sixth count of the indictment, that on or about November 1st, that night, that apparently you and others restricted her liberties, even hit her or said, Sit down, don't move, things of that nature and they call that a kidnaping.
Do you understand that?
THE DEFENDANT: Yes, Your Honor.
* * *
 THE COURT: Finally, the eighth count of the indictment, how do you plead to this charge that on or about November 1st, that someone, along with you, in leaving, apparently attempted or did inflict some serious physical harm to her. She's 87 years old. Do you remember that?
THE DEFENDANT: Yes.
THE COURT: How do you plead to that?
THE DEFENDANT: Guilty. (Emphasis added.)
(Tr. 3-14.)
This colloquy reflects that the court addressed Turner personally and explained to him both the range of penalties for his offenses and his conduct that constituted those offenses.
Although the court did not, as Turner complains, recite the elements of his offenses, the court's explanations in this regard established that Turner understood the nature of the state's charges. See State v. Rainey (1982), 3 Ohio App.3d 441, 446 N.E.2d 188 (in order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge, it is not always necessary that the court advises the defendant of the elements of the crime, provided the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge); State v. Arafat (Oct. 5, 2000), Cuyahoga App. No. 76765 (an understanding of the charge does not equate to a detailed recitation of the elements of an offense).
Because the court substantially complied with the requirements of Crim.R. 11(C)(2)(a), its failure to recite the elements of the offenses does not constitute prejudicial error warranting a vacation of his guilty pleas. See, e.g., State v. Alamo (April 21, 1994), Cuyahoga App. No. 64096.
Accordingly, we have determined that the court properly accepted Turner's guilty pleas. We, therefore, overrule his assignment of error and affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and ANN DYKE, J., CONCUR