OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, defense counsel's no-merit brief and motion to withdraw, and Hicks' pro se brief. Appellant, Keith Hicks, appeals the decision of the Mahoning County Court of Common Pleas which found him guilty of two counts of forgery in violation of R.C. 2913.31(A)(3)(C)(1)(b); one count of forgery in violation of R.C. 2913
(A)(3)(C)(1)(a)(b); and, one count of receiving stolen property in violation of R.C 2913.51(A)(C), all felonies of the fifth degree, each punishable up to one year in prison pursuant to R.C. 2929.14(A)(5), and sentenced him to four one-year prison terms to be served consecutively. Hicks' counsel has filed a no-merit brief on appeal and seeks to withdraw as counsel. Hicks, however, has filed a pro se brief claiming that it was error for the trial court to impose maximum and consecutive prison terms.
 {¶ 2} On November 21, 2006, Hicks was indicted by the Mahoning County Grand Jury in Case No. 2006 CR 1214 for one count of receiving stolen property and two counts of forgery, felonies of the fifth degree. On January 11, 2007, Hicks was again indicted by the Grand Jury for one count of receiving stolen property and one count of forgery, also felonies of the fifth degree. On January 24, 2007, Hicks pled guilty to three counts of forgery and one count of receiving stolen property, in exchange for the State dismissing one count of receiving stolen property. The trial court then proceeded to sentence Hicks to the four one-year prison terms to run consecutive to each other.
 {¶ 3} Hicks' appointed counsel on appeal filed a no merit brief and has requested to withdraw as counsel, pursuant to State v. Toney (1970),23 Ohio App.2d 203. An attorney appointed to represent an indigent criminal defendant on his first appeal as of right may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally, Anders v. California (1967) 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. Toney, at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id. *Page 2 
 {¶ 4} In Toney, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 5} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 6} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 7} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 8} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 9} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 10} Counsel in this case has concluded after reviewing the record that there are no issues present to support an appeal.
 {¶ 11} This Court must now review the proceedings and determine whether it agrees that an appeal would be wholly frivolous.
 {¶ 12} Because Hicks entered a guilty plea, our review is limited as a guilty plea waives all appealable errors with regards to the conviction except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea. State v. Spates
(1992), 64 Ohio St.3d 269, 272-273. Pursuant to Crim. R. 11:
 {¶ 13} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being *Page 3 
readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 {¶ 14} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 15} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 16} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 17} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 18} A trial court must strictly com ply with Crim. R. 11 with regard to constitutional rights, but the trial court only needs to demonstrate substantial compliance with non-constitutional rights. State v.Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance [with Crim. R. 11] means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 19} "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea * * * the totality of the circumstances [must be] such that the trial court is warranted in making a determination that the defendant understands the charge." State v. Rainey (1982),3 Ohio App.3d 441, 442. *Page 4 
 {¶ 20} In this case, the transcript of the plea hearing indicates Hicks knowingly and voluntarily entered a plea to the four charges brought against him. More specifically, Hicks was represented by counsel prior to and during the hearing. The trial court explained the charges, the possible punishment, and each of the constitutional rights that Hicks was waiving by entering a guilty plea. The court engaged in a colloquy with Hicks concerning these rights, and asked a number of questions to insure that Hicks understood the consequences of his guilty plea. Thus we conclude that Hicks' plea was in fact knowing and voluntary.
 {¶ 21} We must next determine whether Hicks was properly sentenced by the trial court, which Hicks, pro se challenges, with the following assignment of error:
 {¶ 22} "The Defendant-Appellant is denied due process of law where he is sentenced to consecutive maximum terms of imprisonment on fifth degree felonies where the court has not weighed the seriousness and recidivism factors to overcome the presumption of community control and the record does not support the prison terms imposed."
 {¶ 23} At the sentencing hearing in this case, the trial court stated that it had "considered the defendant's record, the oral statements made, and the recommendation in the presentence investigation report, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12.
 {¶ 24} "* * *
 {¶ 25} "The court also finds that the defendant did make restitution back to the victims in each matter.
 {¶ 26} "And while the court appreciates Mr. Hicks' efforts, the court cannot ignore that the defendant has nine pages of criminal history in the presentence investigation report. And therefore, the court finds that the defendant is not amenable to community control, and the defendant — and prison is consistent with the purposes of sentencing under Ohio Revised Code 2929.11."
 {¶ 27} We find the trial court stayed within the mandates of theFoster holding *Page 5 
when sentencing Hicks to maximum consecutive sentences. We further conclude that the trial court did not err when imposing those sentences as the presentence investigation report indicates that Hicks has an extensive criminal record, as the nine pages of criminal history dates back more than a decade. His record further demonstrates that he has served a prison term but has still not been deterred from his life of crime. Accordingly any assignment of error relating to sentencing is wholly frivolous, including the pro se assignment proposed by Hicks. Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.
Vukovich, J., concurs. Waite, J., concurs.
* * The original opinion filed, but not yet journalized, mistakenly cited to a case that has not yet been released by the Court. The discussion of that case has been deleted from this opinion. It was not dispositive of the outcome of this case. *Page 1