JOURNAL ENTRY and OPINION
Defendant-appellant Walter L. Jackson appeals from his guilty pleas to possession of drugs and felonious assault. We find no merit to the appeal and affirm.
Jackson was indicted in two separate cases. In Case No. CR-355494, he was charged with one count of possession of drugs. In Case No. CR-391721, he was charged with one count of felonious assault with a peace officer specification and one count of failing to comply with the order or signal of a police officer.
At a hearing conducted on July 19 and 20, 2000, Jackson entered guilty pleas to possession of drugs and felonious assault. The peace officer specification and the count for failing to comply with the order or signal of a police officer were nolled.
On August 16, 2000, a sentencing hearing for both cases was conducted. Prior to sentencing, the trial court heard from the officer who was the victim of Jackson's assault, Jackson's attorney, and Jackson. The trial court subsequently imposed a prison term of seven years for the felonious assault count and eleven months for the drug possession count, to run concurrently.
This court allowed Jackson to file a delayed appeal which sets forth seven assignments of error.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO DETERMINE WHETHER APPELLANT UNDERSTOOD THE NATURE OF THE CHARGES BEFORE ACCEPTING HIS GUILTY PLEA AS REQUIRED BY CRIM.R. 11.
Jackson contends that the trial court failed to determine whether he understood the nature of the charges prior to accepting his pleas as required by Crim.R. 11(C)(2)(a).
Where a challenge to a plea involves the trial court's failure to instruct the defendant about nonconstitutional matters, the trial court need only substantially comply with Crim.R. 11(C). State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implication of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. "A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, or voluntarily made must show prejudicial effect." Id.
In State v. Rainey (1982), 3 Ohio App.3d 441, the court stated:
 [I]n order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge.
Id. at 446; See, also, State v Swift (1993), 86 Ohio App.3d 407,412.
The record reveals that the trial judge adhered to the requirements of Crim.R. 11 when enumerating the rights Jackson was waiving as a consequence of his plea and verified that Jackson understood those rights. Further, the totality of the circumstances indicate that Jackson understood the nature of the charges against him. He was present when the prosecutor explained the charges to which Jackson was willing to plead, and the trial court, when accepting the guilty plea, directly informed him of the charges to which he was pleading. This was sufficient to apprise Jackson of the nature of the charges.
Jackson's first assignment of error is overruled.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADVISE APPELLANT OF HIS RIGHT TO A TRIAL BY THE COURT AS REQUIRED BY CRIM.R. 11.
Jackson contends the trial court erred in failing to advise him of his right to waive a jury trial and proceed with a bench trial.
Crim.R. 11 does not require the trial court to inform the defendant of the right to a bench trial. State v. Cannon (Nov. 2, 1995), Cuyahoga No. 67952. Since Jackson has failed to present this court with any case law to the contrary, we find no merit to his argument.
Jackson's second assignment of error is overruled.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHT TO COUNSEL AND DUE PROCESS OF LAW BY CONDUCTING A SUBSTANTIAL PORTION OF THE COLLOQUY REQUIRED BY CRIM.R. 11 IN THE ABSENCE OF COUNSEL. CRIM.R. 44, SIXTH AND FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, ARTICLE I, SECTION 10, OF THE CONSTITUTION OF THE STATE OF OHIO.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHT TO COUNSEL AND DUE PROCESS OF LAW BY IMPOSING SENTENCE IN CASE NO. 355494 IN THE ABSENCE OF COUNSEL APPOINTED TO REPRESENT APPELLANT IN CASE NO. 355494. CRIM.R. 44, SIXTH AND FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, ARTICLE 1, SECTION 10, OF THE CONSTITUTION OF THE STATE OF OHIO.
Jackson contends that his right to counsel was violated on two occasions. On July 19, 2000, his counsel left the courtroom, and while the attorney was absent, the trial court continued with the plea hearing. Secondly, at sentencing, only one of his court-appointed attorneys was present.
A review of the record indicates that at the July 19, 2000, plea hearing, both Jackson's counsel and the prosecuting attorney left the courtroom in order to clarify the plea agreement Jackson's attorney had worked out with a prior prosecutor. During their absence, the trial court proceeded to inform Jackson regarding the post-release controls that would be in place when he was released from prison, his responsibility to pay any court costs or fines imposed or restitution, and the presumption of a prison term for the felonious assault charge.
We find any error the trial court made by proceeding to address Jackson without his attorney present to be harmless, because when the court reconvened the next day with both Jackson's counsel and the prosecutor present, it again informed Jackson of these subjects.
We also find that no error occurred at the sentencing hearing. Although Jackson's counsel for his drug offense was not present, his counsel for the felonious assault was present. This counsel, with Jackson's consent, had represented him at the plea hearing on both cases. In response to the court's asking Jackson at the plea hearing whether he objected to proceeding in Mr. Mariotti's absence, Jackson replied that he preferred Mr. O'Malley. (Tr.3).
Jackson also does not argue how he was prejudiced by having just one of his attorneys appear at the sentencing. Although he claims that the failure to have counsel for his drug case present resulted in no evidence in mitigation of the drug case being presented, he does not set forth what evidence would have been presented by the absent attorney to mitigate his sentence on the less serious charge, which was run concurrent to his sentence on the felonious assault.
Jackson's third and fourth assignments of error are overruled.
 V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT RE-ADVISING APPELLANT OF HIS CONSTITUTIONAL RIGHTS AT THE TIME OF HIS GUILTY PLEAS ON JULY 20, 2000, FOLLOWING THE ABORTIVE PLEA PROCEEDINGS ON JULY 19, 2000, CONTRARY TO CRIM.R. 11, THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, AND ARTICLE I, SECTIONS 10 AND 16, OF THE CONSTITUTION OF THE STATE OF OHIO.
Jackson contends the trial court erred by failing to re-advise him of the constitutional rights he was waiving when his guilty plea was continued to the next day.
A review of the record indicates that the next day the trial court verified that it had explained Jackson's constitutional rights the previous day, which Jackson acknowledged. The transcript of the hearing from the previous day indicates that Jackson's rights were explained to him and that he understood the rights that he was waiving. There was no indication that he was confused or did not understand. Therefore, the trial court's continuing the plea the next day, without re-advising him of his rights, was not prejudicial to Jackson. "A defendant who challenges his guilty pleas on the basis that it was not knowingly, intelligently, or voluntarily made must show prejudicial effect." State v. Nero, supra at 108.
Jackson's fifth assignment of error is overruled.
 VI. THE TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHT OF ALLOCUTION AND COMMITTED REVERSIBLE ERROR BY REFUSING HIS LAWYER'S REQUEST TO ALLOW A FAMILY MEMBER TO ADDRESS THE COURT IN MITIGATION OF PUNISHMENT. CRIM.R. 32.
Jackson contends the trial court erred by not allowing his sister to speak on his behalf at the sentencing hearing.
Crim.R. 32(A) governs the imposition of sentence and provides in relevant part:
 [A]t the time of imposing sentence, the court shall do all of the following:
 (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
Jackson contends that his sister's statement constitutes information in mitigation of punishment. This court in State v. Lowe (May 3, 2001), Cuyahoga App. No. 78021, addressed this issue and held:
 Appellant urges this court to find that the option of presenting information includes the possibility that the defendant would want to present witnesses to provide information in mitigation rather than he himself presenting such information. Appellant provides this court with no case law in support of his argument nor were we able to independently locate any. We are, nonetheless, unpersuaded that Crim.R. 32(A) permits such an interpretation.
 Written in the disjunctive, the option is given to the defendant to either make a statement or present information in mitigation. While the rule gives defendant's counsel the opportunity to speak on behalf of the defendant, the plain wording of the rule does not encompass anyone other than the defendant presenting information in mitigation. Consequently, the trial court did not err in refusing to allow appellant's wife an opportunity to address the court in mitigation.
We find, based on the above authority, that the trial court did not err in refusing to allow Jackson's sister the opportunity to address the court.
Jackson's sixth assignment of error is overruled.
 VII. THE SEVEN (7) YEAR SENTENCE IMPOSED BY THE COURT FOR FELONIOUS ASSAULT (ONE YEAR LESS THAN THE MAXIMUM) IS EXCESSIVE AND IMPROPER BECAUSE THERE WAS NO EVIDENCE TO SUPPORT THE FINDING THAT THE OFFENDER'S CONDUCT WAS MORE SERIOUS THAN CONDUCT NORMALLY CONSTITUTING THE OFFENSE AND BECAUSE THE SENTENCE IMPOSED IS DISPROPORTIONATE TO SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS. OHIO REV. CODE SECTIONS 2929.11, 2929.12.
Jackson contends the trial court's sentencing him to one year short of the maximum sentence was disproportionate to the sentence imposed for similar crimes.
An appellate court can only reverse or modify a sentence if the appellate court clearly and convincingly finds that the record does not support the sentence, or that the sentence is contrary to law. R.C.2953.08(G). The underlying purpose of sentencing is to protect the public from future crime and punish the offender. R.C. 2929.11.
Although the specific factors set forth in R.C. 2929.12(B) and (C), which aid the trial court in determining whether a sentence is less or more serious than that normally constituting the offense, do not apply to the facts of Jackson's case, we note that both R.C.2929.12(B) and (C) permit the court to consider any other relevant factors in making the determination.
The record indicates that Jackson placed the citizens in several communities at risk by leading officers on a high-speed chase through several cities. He also rammed an officer's car, placing that officer in danger. These factors indicate that Jackson's felonious assault involved conduct more serious than that normally constituting the offense.
The record also supported the trial court's finding that Jackson was at a high risk of recidivism given his extensive criminal background, which included several charges for carrying a concealed weapon, aggravated robbery, receiving stolen property, felonious assault and various traffic violations.
We conclude that the court sufficiently complied with the relevant law at the time of sentencing and that the seven-year term of imprisonment is supported by the record.
Jackson's seventh assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR.