OPINION
{¶ 1} Appellant Tabitha Barnette was convicted in the Mahoning County Court of Common Pleas on one count of aggravated robbery with a three-year gun specification. The conviction was the result of a Crim.R. 11 plea agreement. The trial court held a change of plea hearing. After being assured that Appellant had knowingly and voluntarily entered into the plea agreement, the court accepted the guilty plea to one count of aggravated robbery in violation of R.C. § 2911.01(A)(1), a first degree felony, and a firearm specification pursuant to R.C. § 2941.145(A). A sentencing hearing was later held and the trial court imposed a three-year prison term for aggravated robbery, as well as a three-year mandatory prison term for the gun specification. This prison term imposed by the court was consistent with the plea agreement.
 {¶ 2} Appellant's appointed counsel on appeal filed a no merit brief and has requested to withdraw as counsel, pursuant toState v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304,262 N.E.2d 419.
 {¶ 3} An attorney appointed to represent an indigent criminal defendant on her first appeal as of right may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally, Anders v. California (1967)386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. Toney, supra,23 Ohio App.2d at 207, 262 N.E.2d 419. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.
 {¶ 4} In Toney, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 5} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 6} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 7} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 8} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 9} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 10} Appellant's court-appointed counsel suggested that one possible area of inquiry for appeal was whether Appellant's plea was made knowingly, intelligently and voluntarily. The standard for determining if a trial court has properly accepted a plea is whether the court substantially complied with Crim.R. 11. Statev. Stewart (1977), 51 Ohio St.2d 86, 5 O.O.3d 52,364 N.E.2d 1163. Crim.R. 11 states, in pertinent part:
 {¶ 11} "(C) Pleas of guilty and no contest in felony cases.
 {¶ 12} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 {¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 17} "Substantial compliance [with Crim.R. 11] means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108, 564 N.E.2d 474.
 {¶ 18} "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea * * * the totality of the circumstances [must be] such that the trial court is warranted in making a determination that the defendant understands the charge." State v. Rainey (1982),3 Ohio App.3d 441, 442, 3 OBR 519, 446 N.E.2d 188.
 {¶ 19} The transcript of the plea hearing indicates substantial compliance with Crim.R. 11. Appellant was represented by counsel prior to and during the hearing. The trial court explained the charges, the possible punishment, and each of the constitutional rights that Appellant was waiving by entering a guilty plea. The court engaged in a significant colloquy with Appellant concerning these rights, and asked a number of questions that required more than a yes or no answer to insure that Appellant understood the consequences of her guilty plea. We find no arguable issue regarding the voluntary nature of Appellant's plea.
 {¶ 20} Appellant's counsel on appeal is correct that there are no errors worthy of merit and that the appeal is wholly frivolous. Counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.