JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court and the briefs.
 {¶ 2} Defendant-appellant, Gustavo Adames, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby vacate appellant's sentence and remand for resentencing.
 {¶ 3} The charges in the consolidated case at bar arise from appellant's drug possession and drug trafficking offenses in three lower court cases. Appellant possessed crack cocaine and argues that his criminal conduct arose out of his addiction.
 {¶ 4} According to the case, appellant was indicted by the Cuyahoga County Grand Jury in Case No. CR 397508 for count one, trafficking in heroin, R.C. 2925.03, and count two, possessing criminal tools, R.C. 2923.24. Appellant was sentenced to two years of community control sanctions in Case No. CR 397508.
 {¶ 5} Appellant was indicted by the Cuyahoga County Grand Jury, in Case No. CR 426721, for two counts of possession of drugs, R.C. 2925.11, four counts of trafficking in drugs, R.C.2925.03, and possessing criminal tools, R.C. 2923.24. Appellant was sentenced to two years of community control sanctions.
 {¶ 6} Appellant was indicted by the Cuyahoga County Grand Jury in Case No. CR 451590 for count one, possession of drugs, R.C. 2925.11, count two, trafficking in drugs, R.C. 2925.03, count three, trafficking in drugs, R.C. 2925.03, and count four, possession of drugs, R.C. 2925.11. Appellant pled guilty on June 29, 2004 to the count three trafficking offenses, R.C. 2925.03, and to count four, drug possession, R.C. 2925.11. Appellant was sentenced on June 29, 2004 to a term of four years on count three and to two years on count four, both counts to run concurrent with each other, for a total of four years.
 {¶ 7} Appellant repeatedly violated his community control sanctions in Case Nos. CR 397508 and CR 426721. The trial court held a hearing on appellant's community control violations on June 29, 2004. The trial court found appellant to be a violator, terminated his community control sanctions and sentenced him in Case No. CR 397508 to one year and in Case No. CR 426721 to one year, sentences to be consecutive to each other. Appellant did not file a direct appeal. Appellant filed a motion to vacate judgment pursuant to Crim.R. 47. The trial court denied said motion on July 22, 2005. Appellant now appeals.
 II. {¶ 8} Appellant's first assignment of error states the following: "The trial court erred when it imposed a sentence before accepting the defendant-appellant's plea in violation of due process of law under the 5th and 14th Amendments to the United States Constitution and under Section 16, Article I of the Ohio Constitution."
 {¶ 9} Appellant's second assignment of error states the following: "The trial court violated R.C. 2929.14 by imposing consecutive sentences."
 {¶ 10} Appellant's third assignment of error states the following: "The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant's state and federal constitutional rights to trial by jury."
 III. {¶ 11} Adames argues in his first assignment of error that the trial court erred when it imposed its sentence before accepting appellant's plea in violation of due process of law. We do not find merit in appellant's argument.
 {¶ 12} Crim.R. 11(C)(2) governs pleas and states the following:
"(C) Pleas of guilty and no contest in felony cases.
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} Crim.R. 11(C) requires a trial court to conduct an oral dialogue with the defendant to determine whether the defendant fully comprehends the consequences of his guilty plea.State v. Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731.
 {¶ 14} In accepting a plea of guilty, a court need only substantially comply with Crim.R. 11(C). Id. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived." State v. Dudley (Oct. 20, 1995), Trumbull App. No. 93-T-4907, appeal dismissed (1996),75 Ohio St.3d 1422, 662 N.E.2d 25, citing State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474.
 {¶ 15} Furthermore, courts are not required to explain the elements of each offense or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, citing State v. Rainey (1982), 3 Ohio App.3d 441, 442, 3 Ohio B. 519, 446 N.E.2d 188; State v. Swift (1993),86 Ohio App.3d 407, 412, 621 N.E.2d 513, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410, 615 N.E.2d 1044; State v. Burks
(Nov. 13, 1997), Cuyahoga App. No. 71904.
 {¶ 16} It is with the above standards in mind that we now review the case at bar. The totality of the circumstances demonstrate that appellant understood the charges against him. Moreover, the evidence presented verifies that appellant understood the implications of his plea and the rights he waived.
 {¶ 17} Appellant failed to provide any evidence to support his contention that the trial court violated his due process rights. A review of the record verifies that the trial court's actions were proper. The transcript states the following:
MR. BRADLEY: I talked to my client about that, and he is prepared to plead guilty as outlined.[1]
* * *
MR. BRADLEY: Although he does understand that this plea certainly will just be a further admission that he's violated the terms of his supervision, he understands all the consequences associated with that. Having said all of that, we have talked and decided that this is his best way to proceed, and we are prepared to enter a guilty plea as outlined.[2]
THE COURT: Did you understand what your attorney said, Gustavo?
THE DEFENDANT: Yes, your Honor.
THE COURT: And you understood what the prosecutor, Ms. Barnett, said?
THE DEFENDANT: Yes, your Honor.
THE COURT: We were here on May 18th, and we were going to conduct your probation violation hearing * * *. Do you understand that?
THE DEFENDANT: Yes, your Honor.
THE COURT: So as violations, you would be facing * * *. Do you understand that?
THE DEFENDANT: Yes, your Honor.
THE COURT: Now these new case numbers, * * *. Do you understand that?
THE DEFENDANT: Yes, your Honor.
THE COURT: And in Count Four, it's a felony of the third degree, * * *. Do you understand that?
THE DEFENDANT: Yes, your Honor.
* * *
THE COURT: So you understand completely all the penalties you face should you plead guilty to these crimes, * * *?
THE DEFENDANT: Yes, your Honor.
* * *
THE COURT: You are going to be doing it freely, knowingly, voluntarily, and intelligently?
THE DEFENDANT: Yes, your Honor.
* * *
THE COURT: Are you satisfied with the representation that you received from your attorney, Steve Bradley?
THE DEFENDANT: Yes, your Honor."
 {¶ 18} The evidence demonstrates that appellant knowingly, voluntarily and intelligently tendered his guilty plea. The trial court repeatedly asked the defendant if he understood various situations, to which he replied affirmatively. The evidence also demonstrates that the lower court properly advised appellant of his constitutional rights.
 {¶ 19} There is ample evidence in the record to support the conclusion that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived. Furthermore, we find that the proceedings were not defective, and appellant's plea was knowingly, willingly and intelligently made in compliance with Crim.R. 11 and appellant's constitutional rights.
 {¶ 20} Appellant's first assignment of error is overruled.
 {¶ 21} Adames argues in his second and third assignments of error that his consecutive sentence violates the United States Supreme Court's decision in Blakely v. Washington.[3]
Based on the Ohio Supreme Court's recent decision in State v.Foster, we agree.[4]
 {¶ 22} In Foster, the Supreme Court held that several provisions of S.B. 2, including R.C. 2929.14(E), which governs the imposition of consecutive sentences, violate Blakely.
Specifically as it pertains to R.C. 2929.14(E), the court held: "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced in Blakely."[5] The court severed R.C. 2929.14(E) from the sentencing statutes based on its finding that Blakely rendered it unconstitutional.
 {¶ 23} As a result, the trial court is no longer obligated to give reasons or findings prior to imposing a consecutive sentence. The court held that:
"[Cases] pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. * * *
"Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties. United States v.DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 24} Thus, in accordance with Foster, we vacate and remand Adames' sentence for a new hearing. In doing so, we note the Ohio Supreme Court's clarification in State v.Mathis:[6]
"Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 25} Accordingly, Adames' second and third assignments of error are sustained.
 {¶ 26} This matter is affirmed as to the trial court's finding of guilty; sentence is vacated and remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Mary Eileen Kilbane, J.,concur.
[1] See defendant's transcript of proceedings, June 29, 2004, p. 6, ln. 8.
[2] See defendant's transcript of proceedings, June 29, 2004, p. 7, ln. 10.
[3] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[4] ___ Ohio St.3d ___, 2006-Ohio-856.
[5] Id. at ¶ 67.
[6] ___ Ohio St.3d ___, 2006-Ohio-855.