JOURNAL ENTRY AND OPINION
{¶ 1} Gustavo Adames ("Adames") appeals from his sentence received in the Cuyahoga County Court of Common Pleas. Adames argues the trial court abused its discretion when it resentenced him to a total prison term of six years. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A Cuyahoga County Grand Jury returned an indictment in Case No. 397508 charging Adames with trafficking in heroin and possession of criminal tools. Adames pleaded guilty, and the trial court sentenced him to two years of community controlled sanctions.
 {¶ 3} A Cuyahoga County Grand Jury returned an indictment in Case No. 426721 charging Adames with two counts of possession of drugs, four counts of drug trafficking, and one count of possession of criminal tools. Adames pleaded guilty to one count of drug trafficking and one count of possession of criminal tools. The trial court sentenced him to two years of community controlled sanctions.
 {¶ 4} A Cuyahoga County Grand Jury returned an indictment in Case No. 451590 charging Adames with two counts of possession of drugs and two counts of drug trafficking. Adames pleaded guilty to an amended charge of drug trafficking and one count of drug possession. The trial court sentenced Adames to four years on the charge of drug trafficking and two years on the charge of drug possession. The trial court ordered the sentences to run concurrent with each other for a total prison term of four years. *Page 4 
 {¶ 5} After violating his community controlled sanctions multiple times, the trial court terminated the sanctions in both Case Nos. 397508 and 426721. The trial court then sentenced Adames to one year for Case No. 397508 and one year in Case No. 426721. The trial court ordered the sentences to be served consecutive to each other and consecutive to the sentence imposed for Case No. 451590.
 {¶ 6} Adames did not file a direct appeal, but did file a motion to vacate the judgment pursuant to Crim. R. 47. The trial court denied the motion, and Adames appealed to this court. In State v. Adames, Cuyahoga App. No. 86936, 2006-Ohio-1839, this court vacated the imposed sentence and remanded for resentencing in accordance with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 7} Upon remand, the trial court asked the State of Ohio ("State") for its position on sentencing. The State noted that Adames had repeatedly violated his community controlled sanctions and asked for a stronger sentence. The trial court then heard from Adames and his counsel. Adames' counsel asked the trial court to consider a resentence of two years, along with probation. After hearing from both sides, the trial court stated that it reviewed R.C. 2929.19, 2929.11 and R.C. 2929.12, as well as this court's decision in Adames, supra. The trial court then sentenced Adames as follows: in Case No. 397508, the trial court sentenced Adames to one year in prison; in Case No. 426721, the trial court sentenced Adames to one year in prison; in Case No. 451590 the trial court sentenced Adames to six years for the drug trafficking charge and two years for the drug possession charge. The trial court *Page 5 
ordered all sentences to be served concurrent with each other for a total prison term of six years. Adames appeals from this resentence, raising a single assignment of error:
 "The trial court abused its discretion in the manner it re-sentenced the Appellant."[1]
 {¶ 8} In putting forth this appeal, Adames argues only that the trial court erred when it relied upon the State for guidance in sentencing, and that it acted arbitrarily when it increased his sentence for drug trafficking from four to six years in prison. This appeal is without merit.
 {¶ 9} The Ohio Supreme Court has declared certain portions of Senate Bill 2 unconstitutional and excised the offending parts of the statute from the statutory scheme. Foster, supra; applying United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531; and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348.
 {¶ 10} In Foster, the Ohio Supreme Court held that judicial fact-finding to impose the maximum, more than the minimum, or a consecutive sentence is unconstitutional in light of Blakely. The court also held that "after severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based on a jury verdict or admission of the defendant." *Page 6 
 Foster, supra. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence. Foster; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855; State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715.
 {¶ 11} In his appeal, Adames does not argue that the trial court erroneously sentenced him outside of the statutory range, R.C. 2929.14(A). Adames merely argues that the trial court should not have relied upon the State during sentencing, and it acted arbitrarily when it increased his sentence for drug trafficking from four to six years in prison.
 {¶ 12} We disagree with Adames' classification. During sentencing, the trial court simply asked the State what its position was relating to the resentencing. The trial court offered the same opportunity to the defense and heard from Adames as well as his attorney. Accordingly, we do not find that the trial court improperly relied upon the State when resentencing Adames.
 {¶ 13} Moreover, we disagree that the trial court acted arbitrarily when it increased Adames' sentence for drug trafficking. InFoster, the Ohio Supreme Court specifically held as follows:
 "While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." *Page 7 
 {¶ 14} As such, the trial court was within its discretion to increase Adames' sentence, as long as it remained within the statutory scheme.
 {¶ 15} Adames' sole assignment of error is overruled.
 {¶ 16} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR
[1] Because this case is being heard on the accelerated calendar, Adames' reply brief filed February 21, 2007, is stricken in accordance with Loc. R. 11.1(B)(4)(d). *Page 1